UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | EP-17-CV-00116-DCG |
| DEUCE'S ROCKHOUSE LLC, | § | |
| d/b/a ROCKHOUSE BAR & GRILL, *and* | § | |
| GABRIEL REYES SR., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff Joe Hand Promotions, Inc.'s ("Plaintiff") "Motion for Order of Substituted Service of Process on Defendants" (ECF No. 5) ("Motion"). For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE TO REFILING** Plaintiff's Motion.

### I. BACKGROUND

On April 17, 2017, Plaintiff brought this lawsuit against Defendants Deuce's Rockhouse LLC, d/b/a Rockhouse Bar & Grill, a commercial establishment in El Paso, Texas ("Rockhouse") and its managing member and registered agent Gabriel Reyes, Sr. ("Reyes") (collectively "Defendants"). The Complaint alleges violations of the Federal Communications Act of 1934.[1] According to Plaintiff, it held the exclusive commercial distribution rights to the telecast and television broadcast of *Ultimate Fighting Championship® 183: Silva vs. Diaz* ("Program") on January 31, 2015.[2] Plaintiff alleges that Defendants transmitted, divulged, and

---

[1] Compl. ¶ 4, ECF No. 1.

[2] *Id.* ¶¶ 1, 8.

published the Program to the patrons at Rockhouse, without authorization or license from Plaintiff.[3]

On April 18, 2017, the District Clerk issued two summons at Plaintiff's request: one for Reyes, and the other for Rockhouse by serving its registered agent, Reyes. *See* Summons, ECF Nos. 3, 4. On May 16, 2017, Plaintiff filed this Motion. By its Motion, Plaintiff asks the Court to authorize substitute service on Defendants Rockhouse and Reyes, pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h), and Texas law.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 4(e)(1), which governs service of process on an individual defendant residing within a judicial district, provides, in pertinent part, that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," as here, Texas. Fed. R. Civ. P. 4(e)(1). Likewise, Federal Rule of Civil Procedure 4(h), which governs service of process on a corporation, or a partnership or other unincorporated association, provides that service of process may be completed by following state law for serving a summons. *See* Fed. R. Civ. P. 4(h)(1)(A) (cross-referencing Fed. R. Civ. P. 4(e)(1)).

In turn, Texas Rule of Civil Procedure 106(a) provides two methods for effecting personal service on a defendant: (1) by personal delivery or (2) by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a)(1)–(2). "A corporation," however, "is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent." *Paramount Credit Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex.App.—Houston [1st Dist.] 2013, no pet.). A limited liability corporation, such as Defendant Rockhouse, may be served through its registered agent or other agents authorized to receive service such as its

---

[3] *Id.* ¶¶ 11–12.

managers and members. Tex. Bus. Orgs. Code Ann. §§ 5.201(a), 5.255(3). Such agents may be served by either of the two methods provided in Rule 106(a). *See, e.g., Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 239 (5th Cir. 2016) (unpublished) (*per curiam*) ("Under Texas law, service may be effectuated on a corporation's president, vice-president, or registered agent by certified mail." (citing Tex. R. Civ. P. 106(a))); *Master Capital Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App.—El Paso 2015, no pet.) ("[A] corporation [may be] served by registered or certified mail as authorized by Rule 106.").

Texas Rule of Civil Procedure 106(b), on the other hand, provides that substitute service may be effected: (1) by leaving a copy of the service documents with anyone over sixteen years of age or (2) in any other manner deemed to be reasonably effective to give the defendant notice. Tex. R. Civ. P. 106(b)(1)–(2). A corporation's agents may also be served by these substitute methods. *See BHTT Enter. Inc., v. Brickhouse Café & Lounge, LLC*, --- F.3d ----, 2017 WL 2262486, at *4 (5th Cir. May 24, 2017) ("Section 5.256 . . . explains that '[t]his chapter does not preclude other means of service of process . . . on a domestic . . . entity as provided by other law.' Rule 106(b)(2) is, of course, other law, and the procedure laid out in Section 5.251(1)(B) does not preclude it.").

However, Texas law prefers personal service over substitute service, because greater reliability inheres in personal service. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails, may a court, upon a motion supported by proper affidavit, authorize substitute service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993). The affidavit must:

> [S]tat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e]

specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

Tex. R. Civ. P. 106(b). The affidavit must strictly comply with the requirements of Rule 106(b), "demonstrating the necessity for other than personal service." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *see also Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("'Strict compliance' means literal compliance with the rule[].").

### III. DISCUSSION

Plaintiff states that several unsuccessful attempts were made to serve Reyes individually and as Rockhouse's registered agent at 12628 Tierra Pera Ct., El Paso, Texas 79938 (the Tierra Pera address). *See* Mot. at ¶ 9. In support of its Motion, Plaintiff submitted exhibits and an affidavit by Elvira Arrellanes, the process server. *Id.*, Exs. A (exhibits), B (exhibits), C (Arrellanes Aff.). According to documents from the Texas Secretary of State, Rockhouse's registered office is located at the Tierra Pera address and Reyes is its registered agent and managing member. *Id.*, Ex. A. The documents also list Tierra Pera as his address. *Id.* Further, according to documents from the El Paso Central Appraisal District, Reyes is the owner of the property located at that address. *Id.*, Ex. B. Ms. Arrellanes affirms that a neighbor at the Tierra Pera address verified that Reyes lives there. *Id.*, Ex. C. Further, she declares that between April 26 and May 9, 2017, she made six unsuccessful attempts to serve Defendants at that address. *Id.*

Consequently, Plaintiff seeks the Court's permission to effect substitute service on Defendants:

> (1) [B]y leaving a copy of the Summons with a copy of the Complaint with anyone over sixteen years of age at the property located at 12628 Tierra Pera Ct., El Paso, Texas 79938, (2) by affixing a copy of the Summons with a copy of the Complaint attached to the door of the property located at 12628 Tierra Pera Ct., El Paso, Texas 79938, or (3) *by forwarding a copy of the Summons with a copy of*

-4-

> *the Complaint by registered or certified mail, return receipt requested to Defendants at 12628 Tierra Pera Ct., El Paso, Texas 79938.*

Mot. ¶ 10 (emphasis added).

For at least two reasons, the Court finds that Plaintiff's Motion is not well taken. First, Plaintiff requests, as an alternative method, substitute service by certified mail, return receipt requested. However, as Plaintiff notes, *see* Mot. ¶ 6, Rule 106(a) provides for that method of service as a matter of right, and therefore, leave of the Court is not necessary. *See* Tex. R. Civ. P. 106(a)(2) ("[T]he citation shall be served . . . by . . . mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Copeland*, 657 F. App'x at 239, *supra*. The Motion fails to explain why leave is nonetheless necessary.

Second, for purposes of Rule 106(b), the Court finds that Plaintiff has not exercised reasonable diligence in effecting personal service. *See In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("We have said that "[i]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to."" (quoting *Sgitcovich v. Sgitcovich*, 150 Tex. 398, 241 S.W.2d 142, 147 (1951))). The affidavit indicates that on four out of six occasions, the process server attempted service at the Tierra Pera address, a residential address, during business hours: to wit, at 8:45 a.m., 11:26 a.m., 12:15 p.m., and 12:22 p.m. It is entirely possible that Mr. Reyes was, instead, at work at Rockhouse at those times. *Cf. Coronado v. Norman*, 111 S.W.3d 838, 842 (Tex. App.—Eastland 2003, pet. denied) (holding substituted service was supported by an insufficient affidavit and stating that: "Every attempt at personal service in this case may have been while appellant was at work. When told that appellant 'was not there,' the process server apparently did not try to find out where appellant could be located or when he would return."). Rockhouse, according to the Complaint, is located at 9828 Montana

Ave., Suite D, El Paso, Texas, *see* Compl. ¶ 2(f); yet, Plaintiff made not a single attempt to effect personal service at that address. *Cf. J&J Sports Prods., Inc. v. Lava Entm't Grp. LLC*, No. EP-16-CV-00294-DCG, 2017 WL 837685, at *1 (W.D. Tex. Mar. 1, 2017) (Guaderrama, J.) (granting motion for substitute service, where affidavits showed that multiple attempts to serve were made at the defendant's home address and at his work addresses).

The Court therefore denies Plaintiff's Motion. *See Furst v. Smith*, 176 S.W.3d 864, 870 n.5 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("[O]n receipt of an affidavit that satisfies rule 106(b) the trial court '*may*' and, therefore, need not, authorize substituted service." (emphasis in original) (quoting *State Farm Fire & Cas. Co.*, 868 S.W.2d at 299)). Plaintiff may refile a motion for substitute service upon addressing the deficiencies discussed above.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Joe Hand Promotions, Inc.'s ("Plaintiff") "Motion for Order of Substituted Service of Process on Defendants" (ECF No. 5) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile such a motion upon curing the deficiencies mentioned elsewhere in this Opinion.

So ORDERED and SIGNED this 14th day of June 2017.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE